UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Shane McCutcheon,<br>    Plaintiff | )<br>)<br>) | |
| v. | ) | Case No. 12-1157 |
| | ) | |
| Illinois Laborers International Union of<br>North America Local #538,<br>    Defendant | )<br>)<br>)<br>) | |

**REPORT AND RECOMMENDATION**

Now before the Court is the Defendant's motion for sanctions, and the Plaintiff's responsive motion, asking for an extension of time.

Plaintiff is proceeding *pro se* in this race discrimination case that was filed nearly a year ago. Motions for appointment of counsel have been twice denied. (See Text Order of 5/30/12 and 8/27/12). Both of these orders explained in some detail what is required for the Court to appoint counsel in a civil case, finding that Plaintiff had failed to meet those requirements. Defendant is represented by Chicago counsel.

A Rule 16 scheduling conference was held on September 12, 2012. At that conference, Plaintiff and counsel for Defendant were present by telephone. Among other matters, a deadline of May 15, 2013 was set for the conclusion of all discovery.

On January 30, 2013, Counsel and Plaintiff had a discussion about the scheduling of Plaintiff's deposition. Defense counsel agreed that he would travel to Peoria (where Plaintiff lives) to take Plaintiff's deposition on Wednesday February 13. When counsel arrived in Peoria, he found that Plaintiff had left him a message that he would not be able to appear for his deposition.

Counsel called him, and Plaintiff stated that he had no transportation. After further discussion, Plaintiff agreed to come to Chicago for his deposition the following Monday, February 18. On Thursday the 14th, however, Plaintiff called counsel and told him he could not afford the train fare to Chicago. Counsel agreed to purchase a ticket for him, and Plaintiff agreed to come to Chicago. Counsel contacted Amtrak and arranged for the purchase of a round trip ticket. He sent the ticket, along with a Notice of Deposition, to Plaintiff, and he confirmed the agreement by email.

On the morning of the deposition, Plaintiff called and reported that he had been advised not to attend the deposition without a lawyer, so he would not be coming to Chicago. There was further discussion, but Plaintiff insisted he would not attend the deposition without an attorney.

Defendant has filed a motion for sanctions (#13), asking that the case be dismissed. In response, Plaintiff filed a Motion for Extension (#14), stating that he has "been working hard on getting prepaired [sic] for this important case."

Though courts are solicitous of *pro se* litigants, they may nonetheless require strict compliance with procedural rules, see, e.g., *McNeil v United States*, 508 US 106,113 (1993); see also, *Cady v Sheahan*, 467 F3d 1057, 1061 (7th Cir 2006); *Pearle Vision, Inc. v Romm*, 541 F3d 751, 758 (7th Cir 2008).

A party's failure to attend its own deposition is sanctionable. FRCP 37(d)(1)(A)(i). The sanctions that are appropriate are listed in FRCP 37(b)(2)(A)(i)-ivii). These sanctions include (but are not limited to) dismissing an action.

Plaintiff's first failure to appear was wholly unjustified. He knew when and where his deposition was but did not mention in any timely manner that there could be any

problem with transportation. When that subject was brought up, defense counsel went above and beyond his obligations by buying a ticket for the Plaintiff. The second time, Plaintiff had yet another reason for not appearing the second time, and that reason is not even mentioned in his motion to extend time. Moreover, he has known since the outset of the case that if he wanted counsel, he would have to get counsel himself; the court was not going to appoint counsel for him. Yet in the year since the first denial of his motion for counsel (and in the 7 months since the second denial), Plaintiff has apparently done nothing about seeking an attorney to represent him.

Both of Plaintiff's failures to appear for his deposition were willful. The excuses he offered do not hold up under even the most cursory scrutiny. He is not entitled to thumb his nose at the Rules or at the Scheduling Order entered by this Court, and he has fallen far short of showing that he is entitled to more time.

Accordingly, I recommend that the Plaintiff's case be dismissed for lack of prosecution. The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within ten (10) working days after service of this Report and Recommendation. FRCP 72(b); 29 USC636 (b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v Zema Sys. Corp.*, 170 F3d 734, 739 (7th Cir 1999); *Video Views Inc. v Studio 21, Ltd.,* 797 F2d 538 (7th Cir 1986).

ENTERED: April 9, 2013

                                       s/ John A. Gorman

                                       JOHN A. GORMAN
                                       UNITED STATES MAGISTRATE JUDGE