E-FILED
Friday, 31 May, 2013 08:51:02 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE MCCUTCHEON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-1157 |
| ) | |
| ILLINOIS LABORERS ) | |
| INTERNATIONAL UNION OF NORTH ) | |
| AMERICA LOCAL #538, ) | |
| ) | |
| Defendant. ) | |

# O R D E R

On April 10, 2013, a Report and Recommendation [#15] was filed in the above-captioned case by United States Magistrate Judge John A Gorman recommending dismissal of the case as a sanction for willful failure to comply with the Court's orders. Plaintiff, Shane McCutcheon ("McCutcheon") filed what the Court interprets as an Objection and Motion for Extension of Time [#16].

**Background**

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made. *See* Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

The facts of this case are recounted in much greater detail in the Report and Recommendation, but to summarize briefly they are as follows: McCutcheon filed a Complaint [#1] alleging racial discrimination against Illinois Laborers International Union of North America Local #538 ("Laborers") on May 18, 2012. He twice moved the Court to assist him in

ascertaining counsel for the matter but was denied both times.  A Rule 16 conference was held on September 12, 2012 and it was decided at that conference that a discovery deadline of May 15, 2013 would be implemented.

On January 30, 2013, the parties discussed scheduling McCutcheon's deposition and it was agreed that counsel for Laborers would travel to Peoria to conduct the deposition on February 13, 2013.  When counsel arrived in Peoria, he found a message from McCutcheon indicating that he would not be able to appear because he had no transportation.

The parties then agreed that Laborers would provide transportation to McCutcheon to come to Chicago to sit for the deposition.  A ticket was purchased through Amtrak and sent to McCutcheon along with notice of the deposition and the two sides confirmed the date via email.

McCutcheon called Laborers on the morning of the agreed date and stated that he was advised not to attend the deposition without an attorney and would not be coming to Chicago. Laborers then filed a Motion for Sanctions [#13] requesting that the case be dismissed for McCutcheon's failure to allow his deposition to be taken.  McCutcheon filed a Response and Motion for Extension of the Discovery [#14] stating that he was seeking a licensed attorney. Magistrate Gorman  recommended dismissal of the case for failure to comply with discovery pursuant to FRCP 37(b)(2)(A)(i)-ivii).  This Court finds the Report and Recommendation is well reasoned and agrees that this case should be dismissed.

## Discussion

Courts have the power to impose sanctions for failure to comply with discovery orders pursuant to F.R.C.P. 37(b)(2)(A) and they have wide latitude in imposing those sanctions. Johnson v. Kakvand, 192 F.3d 656, 661 (7th Cir. 1999).  The Court must find willfulness, bad-faith or fault is necessary by a showing of clear and convincing evidence when dismissal is used

specifically as a discovery sanction.  <u>Maynard v. Nygren</u>, 332 F.3d 462, 467-68 (7th Cir. 2003).

The Court finds that based on the reasons given for McCutcheon twice failing to appear for his own deposition that there has been a showing of willfulness, bad faith and fault by clear and convincing evidence.  McCutcheon may have had a legitimate excuse for being unable to attend the first scheduled deposition in Peoria.  However, there is no legitimate excuse for failing to timely notify counsel for Laborers, who drove from Chicago to Peoria.  As to the second scheduled deposition, it is clear from the accounts of both parties that McCutcheon consciously chose not to attend the deposition because he was advised not to do so without an attorney.  Those failures presumably cost Laborers financially, either directly or indirectly, and failed to move the case along, precipitating McCutcheon's motion for extension of time.

It is clear from the language used in McCutcheon's Motions for Extension of Time [#13 & 16] that he consciously chose to not make himself available until he feels ready or has a "good attorney".  This case was filed almost one year ago and McCutcheon has failed to take any action to help move it along or to find an attorney.  Finally, if what McCutcheon claims is true–that counsel for Laborers was lying when he swore via affidavit that he spoke to McCutcheon and gave him adequate notice of the second scheduled deposition–he should have brought that to the Court's attention.  His conduct during the course of this case has shown that he feels he can cooperate on his terms and his schedule.

**Conclusion**

Therefore this Court adopts the findings of the Report and Recommendation [#15] and this case is DISMISSED.  The case is now terminated and all other pending matters are moot.


ENTERED this 30th day of May, 2013.

        /s/ James E. Shadid
        James E. Shadid
        Chief United States District Judge